UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RABBI MENACHEM SHULMAN,
                        Plaintiff,

               -v-

APPLE,
                        Defendant.

24-CV-8319 (JPO)

ORDER ADOPTING REPORT AND
RECOMMENDATION

J. PAUL OETKEN, District Judge:

      Plaintiff Rabbi Menachem Shulman brought the instant action on October 31, 2024 against Apple Inc. asserting claims for negligence, product liability, and breach of warranty based on an alleged ignition of an iPhone. (ECF No. 1 ("Compl.") at 8-9.) On April 11, 2025, the Court referred the matter to Magistrate Judge Robert W. Lehrburger for general pretrial purposes. (ECF No. 14.) On May 15, 2025, Judge Lehrburger ordered Plaintiff to appear for a hearing on June 11, 2025 to show cause why the case should not be dismissed for failure to prosecute. (ECF No. 19.) Plaintiff did not appear for the hearing, after which Judge Lehrburger issued a Report and Recommendation ("R&R") recommending that the action be dismissed *sua sponte* without prejudice. (ECF No. 23 at 1.)

      No party filed a timely objection to the R&R; therefore, the Court reviews it for clear error. *See* Fed. R. Civ. P. 72(b), Advisory Committee's Notes (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Borcsok v. Early*, 299 F. App'x 76, 77 (2d Cir. 2008). Having done so, the Court determines that Judge Lehrburger's well-reasoned R&R presents no errors, clear or otherwise, and therefore fully adopts it.

      Accordingly, the complaint is dismissed without prejudice for failure to prosecute.

The Clerk of Court is directed to close this case.

The Clerk of Court is also directed to email a copy of this order to Plaintiff at the email address he provided on the electronic docket.[1]

SO ORDERED.

Dated: July 17, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] As explained by Judge Lehrburger, efforts to reach Plaintiff at the telephone number and address he provided to the Court have been unsuccessful, and he has provided no updated contact information. (See ECF No. 23 at 2.) The Court therefore determines that it would be a waste of judicial resources to attempt to mail a physical copy of this order to that address.